MARSHALL and W. JENKINS *v.* DEGROOT, administratrix, &c., 1 C. C. E. 121–123.

*Joint Debt ; Judgment Creditor's Bill against Administratrix of One.*

APPEAL from Chancery. J. G. and J. G., junior, and Degroot, the defendant's intestate, made their joint promissory note for £133, payable to the appellants. Degroot died intestate. The appellants prosecuted the surviving makers of the note to judgment, issued a *fieri facias* into the county where they resided, which was returned *nulla bona,* and they have since become insolvent, but the administratrix has sufficient assets from the intestate to satisfy the debt. The bill

praying that the appellant's judgment might be satisfied out of these assets, was on a general demurrer dismissed by the Chancellor with costs.

The Chancellor (Lansing) says: "This case presents the naked facts of a *joint debt* and survivorship, and I think must be determined on the rule which obtains at law, and if so, the bill can not be sustained. In giving this opinion, I regret that the rule is so well established as to oblige me to conform to it. The inclination of my mind was to afford relief, if I could discover any principles which would bear me out in it; but thinking as I do, respecting the legal prin-. ciples governing this case, I dismissed the bill with costs."

The respondents not appearing to argue the case, it was heard *ex parte.*

The Court of Errors *reversed* the decree, Thompson, J., delivering the opinion of the court. He said: "The only question is, whether where three persons make a promissory note, one dies intestate but solvent, and the two survivors become insolvent, the estate of the deceased can in equity be charged with the payment of the note? I have not been able to discover any principles of justice, on which it can be exonerated. It is a rule applicable to proceedings in courts of law, that where two are jointly bound and one dies, the survivor must be prosecuted, and an action can not be maintained against the representatives of the deceased. This is, however, a rule controlling the *remedy,* and not determining the *right.* Courts of equity daily give relief where the remedy at law is extinguished."—"I have looked very fully into the cases referred to by the appellant's counsel, which I think fully establish both the right and the practice of courts of equity in giving relief in cases of this description."

Decree of the Chancellor *reversed.*

☞ The other two defendants do not appear to have been joined in this suit against the administratrix, by the report of this case, as given in Caines. That such a bill would now be held bad on a *demurrer for want of proper parties,* there can not be a doubt.